FILED - USDC -NH
2023 NOV 30 PM 3:25

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **United States of America,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Civil No.<br>) |
| Six Holosun Weapon Sights, Models: (1) HE509T-RD, (3) HS403C, (2) HS510C; | ) JURY TRIAL REQUESTED<br>)<br>) |
| Four ATN, Model: X-Sight 4K Pro 3-14x Smart HD Day/Night Riflescopes; | )<br>)<br>) |
| Four EOTech Holographic Weapon Sights, Models: (3) EXPS3-4, (1) EXPS3-0; | )<br>)<br>) |
| Two Nightforce Riflescopes, Models: (1) Nightforce SHV 4-14x50 F1, (1) Nightforce NX8 4-32x50 F1: | )<br>)<br>) |
| Two Trijicon Brilliant Aiming Solutions; | )<br>) |
| One Vortex Model: Viper PST Gen II Riflescope 5-25x50; | )<br>) |
| One EOTech Model: VUDU 1-6x24mm SR-1; and | )<br>) |
| Eleven Siemens 6ES7 332-7ND02-0AB0 Simatic S7 Output Modules, | )<br>)<br>) |
| **Defendants** *in rem.* | )<br>) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this Complaint under Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges:

## NATURE OF THE ACTION

This is an action to forfeit and condemn to the use and benefit of the United States of America the following properties: (A) Six Holosun Weapon Sights, Models: (1) HE509T-RD,

(3) HS403C, (2) HS510C; (B) Four ATN, Model: X-Sight 4K Pro 3-14x Smart HD Day/Night Riflescopes; (C) Four EOTech Holographic Weapon Sights, Models: (3) EXPS3-4, (1) EXPS3-0; (D) Two Nightforce Riflescopes, Models: (1) Nightforce SHV 4-14x50 F1, (1) Nightforce NX8 4-32x50 F1; (E) Two Trijicon Brilliant Aiming Solutions; (F) One Vortex Model: Viper PST Gen II Riflescope 5-25x50; (G) One EOTech Model: VUDU 1-6x24mm SR-1, and (H) Eleven Siemens 6ES7 332-7ND02-0AB0 Simatic S7 Output Modules, seized from UINT BMY, for violations of 22 U.S.C. § 2778 and 50 U.S.C. § 4819.

## JURISDICTION AND VENUE

Plaintiff brings this action *in rem* to forfeit and condemn the defendant properties under 18 U.S.C. § 981(a)(1)(B)(i) and 22 U.S.C. § 401. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 and *in rem* jurisdiction under 28 U.S.C. § 1355(a).

Venue is proper in this district through 28 U.S.C. §§ 1355(b)(1)(A) and 1395.

## THE DEFENDANTS *IN REM*

The defendants *in rem* are: (A) Six Holosun Weapon Sights, Models: (1) HE509T-RD, (3) HS403C, (2) HS510C; (B) Four ATN, Model: X-Sight 4K Pro 3-14x Smart HD Day/Night Riflescopes; (C) Four EOTech Holographic Weapon Sights, Models: (3) EXPS3-4, (1) EXPS3-0; (D) Two Nightforce Riflescopes, Models: (1) Nightforce SHV 4-14x50 F1, (1) Nightforce NX8 4-32x50 F1; (E) Two Trijicon Brilliant Aiming Solutions; (F) One Vortex Model: Viper PST Gen II Riflescope 5-25x50, and (G) One EOTech Model: VUDU 1-6x24mm SR-1, and (H) Eleven Siemens 6ES7 332-7ND02-0AB0 Simatic S7 Output Modules, seized from UINT BMY. The defendants *in rem* are in the custody of the United States Department of Commerce.

## FACTS

1. The Federal Bureau of Investigation (FBI), Internal Revenue Service (IRS), the United States Department of Homeland Security, Homeland Security Investigations (HSI), and the United States Department of Commerce - Office of Export Enforcement (OEE), are investigating Bolong Shi, Yong (a/k/a "Brandon") Zeng, Minyi Chen, and "UINT BMY", a business operating at 31 Sagamore Park Road in Hudson, New Hampshire, for participating in a scheme to procure and ship firearms accessories subject to U.S. export controls from New Hampshire and other U.S. states to recipients in the People's Republic of China (China), without obtaining required export licenses, and without filing accurate export information, in violation of 50 U.S.C. § 4819.

2. On May 5, 2023, OEE received a call from a FedEx employee in Londonderry, New Hampshire, about a pending export by UINT BMY from 31 Sagamore Park Road, Hudson, New Hampshire. The description of goods was "Lego Toy," and the package was destined for China. An OEE employee asked the FedEx employee to hold the shipment when it arrived at FedEx in Londonderry, to permit OEE agents to inspect the package.



3. On May 8, 2023, using OEE's authority under 15 C.F.R. § 758.7(b), agents inspected the contents of the package. The described goods are "LEGO Toy"; Quantity: 22; Unit Value: $100.45; Total Value: $2,210.00. The bottom of the commercial invoice has a signature that appears to be "Brandon." Agents opened the box and saw a label on one of the items stating,

"These commodities are controlled under the Export Administration Regulations (EAR) and may not be exported without proper authorization by the U.S. Department of Commerce." The same or a similar label was also found on other items located inside the package.




4. Agents seized the package containing the defendant *in rem* firearm accessories: (A) Six Holosun Weapon Sights, Models: (1) HE509T-RD, (3) HS403C, (2) HS510C; (B) Four ATN, Model: X-Sight 4K Pro 3-14x Smart HD Day/Night Riflescopes; (C) Four EOTech Holographic Weapon Sights, Models: (3) EXPS3-4, (1) EXPS3-0; (D) Two Nightforce Riflescopes, Models: (1) Nightforce SHV 4-14x50 F1, (1) Nightforce NX8 4-32x50 F1; (E) Two Trijicon Brilliant Aiming Solutions; (F) One Vortex Model: Viper PST Gen II Riflescope 5-25x50, and (G) One EOTech Model: VUDU 1-6x24mm SR-1. The package did not contain a "Lego Toy" as described on the shipping documents.

5. On May 9th, 2023, the same FedEx employee called agents to tell them that they had received another shipment of eleven Siemens 6ES7 332-7ND02-0AB0 Simatic S7 Output Modules (defendant *in rem* (H)) from Minyi CHEN, UINT BMY, 31 Sagamore Park Road,

Hudson, NH destined for China. When the agents inspected the shipment, the contents appeared to match their description on the shipping documentation. However, upon further inspection, the value of defendant *in rem* (H) was listed at $1,045 USD when its true value was $3,080 USD. The Electronic Export Information (EEI) filing requirement threshold for shipments of any value subject to the EAR is $2,500. The shipment appears to have been deliberately under-valued to avoid the EEI filing requirement.



6. On May 12, 2023, agents called the phone number listed for Minyi Chen and "Brandon" on the shipment's invoice. Agents spoke to a woman who said that her name was Wen Zhao and that she was at 31 Sagamore Park Road. Zhao said that Minyi Chen does not speak English, Brandon was the manager, and they worked at a warehouse that shipped many packages.

7. Agents searched the New Hampshire Department of State business database and found no data for a business called "UINT BMY." Further searches found Foco Warehouse Services LLC, formed on January 3, 2022, with a principal address of 31 Sagamore Park Rd, Hudson, NH

03051. The registered agent is listed as Yong Zeng (whom agents believe is "Brandon"), with an email address of brandon.zeng@viteusa.com. The Certificate of Formation for Foco Warehouse Services LLC lists members Bolong Shi, Yong Zeng, and Pengchong Shou. The principal purpose of the business is "transportation and warehousing - general warehousing and storage."

8. OEE agents determined through queries of an internal Department of Commerce licensing database that UINT BMY, Foco Warehouse Services LLC, "31 Sagamore Park Road," Shi, Zeng, Chen, and Shou have never applied for a license to export products to China.

9. Agents determined that Bolong Shi is in the United States on a H1B Visa. Pengchong Shou is a nonimmigrant B1/B2 visa holder. Brandon Zeng is a legal permanent resident of the United States. They have been unable to confirm Minyi Chen's immigration status.

FIRST CLAIM FOR FORFEITURE
(22 U.S.C. § 401)

10. The allegations set forth in paragraphs 1 through 9 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

11. The Arms Export Control Act (AECA) authorizes the President of the United States to designate items as defense articles and to control their export. 22 U.S.C. § 2778(a)(1). The regulations for the AECA are administered by the Department of State pursuant to Executive Order. 22 C.F.R. Parts 120–130.

12. The Department of State, with concurrence by the Department of Defense, lists items identified as defense articles in the United States Munitions List. 22C.F.R. §121.1

13. Pursuant to 22 U.S.C. § 2778(b)(2), "...no defense articles... may be exported or imported without a license for such export or import, issued in accordance with this chapter and regulations issued under this chapter."

14. Title 22, United States Code, Section 401, provides for the forfeiture of any property

involved in or facilitating a violation of Arms Export Control Act, 22 U.S.C. § 2778.

15. The defendants *in rem* (A) though (G) are in involved in or facilitated violations of the Arms Export Control Reform Act, 22 U.S.C. § 2778, because they are defense articles on the United States Munitions List, for which a valid export license was not obtained.

16. As a result, the defendants *in rem* (A) through (G) are liable to condemnation and forfeiture to the United States for its use in accordance with 22 U.S.C. § 401.

SECOND CLAIM FOR FORFEITURE
(18 U.S.C. § 981(a)(1)(B)(i)

17. The allegations set forth in paragraphs 1 through 16 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

18. Title 18, United States Code, Section 981(a)(1)(B)(i), provides for the forfeiture of any property involved in or facilitating any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)(D), or a conspiracy to commit such offense. A violation of 50 U.S.C. § 4819 (Export Control Reform Act) is "specified unlawful activity" under 18 U.S.C. §1956(c)(7)(D).

19. The defendants *in rem* (A) through (H) are involved in or facilitated violations of the Export Control Reform Act, 50 U.S.C. § 4819, because they were shipped without the required export licenses, and without accurate export information.

20. As a result, the defendants *in rem* (A) though (H) are liable to condemnation and forfeiture to the United States for its use in accordance with 18 U.S.C. § 981(a)(1)(B)(i).

## PRAYERS FOR RELIEF

Therefore, the United States requests that:

(a) the Clerk of Court issue a Warrant of Arrest in Rem in the form submitted with this Verified Complaint to the United States Department of Commerce, or any authorized federal law enforcement officer for the District of New Hampshire, commanding him to arrest the defendants *in rem*;

(b) this matter be scheduled for a jury trial;

(c) judgment of forfeiture be entered; and

(d) this Court grant the United States its costs and whatever other relief to which it may be entitled.

Respectfully Submitted,

JANE E. YOUNG
United States Attorney

Dated: November 30, 2023

By: /s/ Robert J. Rabuck
Robert J. Rabuck
NH Bar # 2087
Chief, Civil Division
Assistant U.S. Attorney
District of New Hampshire
53 Pleasant Street
Concord, New Hampshire
603-225-1552
rob.rabuck@usdoj.gov

## **VERIFICATION**

I, Christine F. Chambers, being duly sworn, depose and say that I am a Special Agent assigned to the Department of Commerce, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *in rem* and know the contents therein, and that the same is true to the best of my knowledge, information, and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the export licensing laws of the State of New Hampshire and of the United States.

/s/ Christine F. Chambers
Christine F. Chambers

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Subscribed and sworn to before me on November 30, 2023.

/s/ Francine D. Conrad
Notary Public

My commission expires: March 27, 2024.